Artem ALOYAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74156.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

Reynold E. Finnegan, Finnegan & Diba, A Law Corporation, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Immigration & Naturalization Service, San Francisco, CA, Brenda M. O'Malley, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Artem Aloyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence and will not reverse unless the evidence compels a contrary result. *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004). We deny the petition for review.

We conclude that substantial evidence supports the IJ's denial of asylum because Aloyan failed to establish that he was persecuted by the government or forces that the government was unwilling or unable to control. *See id.* at 1177. Accordingly, Aloyan failed to establish eligibility for asylum. *See id.*

Because Aloyan did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Aloyan has waived any claim for relief under CAT. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (ex-

** This disposition is not appropriate for publication and may not be cited to or by the

plaining that issues which are not specifically raised and argued in a party's opening brief are waived).

In addition, apart from cursorily mentioning a due process claim at the beginning of his brief, Aloyan failed to present any explanation of the basis for his claim, let alone any argument to support it. Thus, Aloyan has waived this claim. *See id.*

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Aloyan's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.